UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:21-CR-30-KAC-JEM |
| JAMES K. TAYLOR, | ) ) ) | |
| Defendant. | ) | |

# **ORDER**

Before the Court are Defendant's pro se Motions for Jail Credits [Docs. 41, 49, 51]. On December 17, 2021, the Court sentenced Defendant to forty-two (42) months' imprisonment [Doc. 34 at 2]. The Court also ordered that "up to ten (10) months of [that] sentence may be run partially concurrently to any anticipated parole revocation in Rutherford County, Tennessee, Circuit Court Docket Number 77212" [*Id.*]. Collectively, Defendant's pro se Motions for Jail Credits [Docs. 41, 49, 51] ask the Court to "help [him] to get the credit" for "the time [he] spent in federal custody" "[a]long with the 10 months that was ran concurrent" [Doc. 41 at 2; *see also* Docs. 49 at 1, 51 at 1]. Further, Defendant indicates that by making these filings, he "would like to file a 2241 motion" [Doc. 51 at 1].

28 U.S.C. § 2241 authorizes district courts to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). "A federal prisoner may file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 if he seeks to attack the execution of his sentence by challenging the computation of his parole or sentencing credits." *Lewis v. United States*, 50 F. App'x 294, 294 (6th Cir. 2002) (citing *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991)). But "[h]abeas corpus is a

civil proceeding." *Carter v. Anderson*, 585 F.3d 1007, 1013 (6th Cir. 2009) (citing *Browder v. Dir., Dep't of Corrs. of Ill.*, 434 U.S. 257, 269 (1978)).

Liberally construed for Defendant's benefit, the Court views Defendant's pro se Motions for Jail Credits [Docs. 41, 49, 51] as an attempt to raise habeas corpus claims under 28 U.S.C. § 2241. But a criminal case is not the appropriate venue for a habeas proceeding. *See Carter*, 585 F.3d at 1013. Accordingly, the Court **DIRECTS** the Clerk to (1) open a separate civil action, (2) transfer Defendant's pro se Motions for Jail Credits [Docs. 41, 49, 51] to that action, and (3) send Defendant a blank form "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (AO Form Number 242). If Defendant wishes to proceed in the newly opened civil case, he must pay the filing fee or submit an application to proceed in forma pauperis. Further, the Court **DENIES** Defendant's pro se Motions for Jail Credits [Docs. 41, 49, 51] in this criminal case because this criminal case is not the appropriate method to adjudicate Defendant's request.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge